Pratt, J.
The complaint contains a prayer for equitable relief, to which plaintiffs are not entitled, not having tendered or offered to tender the defendants $35,000, received by plaintiffs, upon a compromise alleged to have been effected by fraudulent means.
The plaintiffs now desire to amend, by striking out the prayer for equitable relief and inserting a demand for damages which plaintiffs have sustained, if the allegations of the complaint can be sustained.
The application was denied at special term, perhaps upon the ground that no amendment was necessary, as it would be the duty of a trial judge to render such judgment as the plaintiffs might show themselves entitled to recover, without regard to the demand for relief contained in the complaint.
But the amendment desired would change the forum, and as it is conceded that plaintiffs cannot maintain their claim to equitable relief, while upon the facts pleaded, which for the purposes of this motion must be taken as true, plaintiffs are entitled to a verdict for damages. We think it a judi *596 cions exercise of the discretion of the court to allow an amendment, which will result in sending the cause to the branch of the court appropriate for the determination of such controversies.
Defendants claim that if the amendment is allowed it should be upon severe terms. We do not so understand our duty.
If the allegations of the complaint are unfounded, it ought not to be difficult for defendants to make the truth appear, and the action will fail. If the allegations of the complaint are well-founded, plaintiffs are entitled to the assistance of the court, not to hindrance.
The attempt to deprive the representatives of a deceased partner from using the information contained in the firm books upon a trial where the state of the deceased partner’s account is a principal fact to be established, is not one that, the court can aid.
We think the amendment desired should be allowed, the order appealed from reversed, and the cause placed upon the-circuit' calendar for trial, without costs to either party.
No costs of appeal.
Dykman, J.,.concurs; Barnard, P. J., not sitting.